UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZUKEYNA COPELAND, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHALLENGE SECURITY SERVICES, INC.,<br><br>Defendant. | No. 2:18-cv-01435-TLN-CKD<br><br>**ORDER** |

This matter is before the Court on Finkelstein & Krinsk LLP's Motion to Withdraw as Counsel for Plaintiff Zukeyna Copeland ("Plaintiff"). (ECF No. 10.) Trenton R. Kashima, an attorney at Finkelstein & Krinsk, submitted a supplemental declaration in support of the motion. (ECF No. 10-2.) No oppositions to this motion have been filed.

///
///
///
///
///
///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 5, 2018, Plaintiff engaged Finkelstein & Krinsk (hereinafter, "Plaintiff's counsel") to represent her in this wage and hour case against Defendant Challenge Security Services, Inc. ("Defendant"). (ECF No. 10-1 at 2.) Plaintiff filed the Complaint on May 24, 2018. (ECF No. 1.) Defendant did not respond to the summons, and Plaintiff's counsel filed an entry of default on October 4, 2018. (ECF No. 6.) Plaintiff's counsel attempted to contact Plaintiff multiple times between October 2018 and April 2019 to gather information needed to file a motion for default judgment. (ECF No. 10-1 at 2.) Plaintiff did not respond. (ECF No. 10-2 at 3.)

Accordingly, Plaintiff's counsel filed the instant motion to withdraw on May 6, 2019. (ECF No. 10.) As of the filing of this motion, Plaintiff had not identified or appointed new counsel. Plaintiff has not formally objected to the termination of the attorney-client relationship, and she has not filed an opposition to this motion. No trial date has been set in this case.

## II. STANDARD OF LAW

The local rules of this district require an attorney who would withdraw and leave his or her client without representation to obtain leave of the court upon a noticed motion. E.D. Cal. L.R. 182(d). Local Rule 182(d) also requires an attorney to provide notice to the client and all other parties who have appeared, and an affidavit stating the current or last known address of the client. Finally, to comply with Local Rule 182(d), the attorney must conform to the requirements of the California Rules of Professional Conduct. *Id.*

California Rule of Professional Conduct 3-700 provides several grounds upon which an attorney may seek to withdraw, including where the client's conduct has "render[ed] it unreasonably difficult for the member to carry out the employment effectively." Cal. R. Prof. Conduct 3-700(C)(1)(d).

The decision to grant or deny a motion to withdraw is within a court's discretion. *McNally v. Eye Dog Found. for the Blind, Inc.*, No. 09-cv-AWI-SKO-01174, 2011 WL 1087117, at *1 (E.D. Cal. Mar. 24, 2011). District courts within this circuit have considered several factors when evaluating a motion to withdraw, including the reason for withdrawal, prejudice to the

client, prejudice to the other litigants, harm to the administration of justice, and possible delay. *See*, *e.g.*, *Deal v. Countrywide Home Loans*, No. 09-cv-01643-SBA, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010); *CE Res., Inc. v. Magellan Group, LLC*, No. 08-cv-02999-MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009); *Beard v. Shuttermart of Cal., Inc.*, No. 07-cv-00594-WQH-NLS, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008).

### III. ANALYSIS

Plaintiff's counsel moves to withdraw due to its inability to contact Plaintiff since October 18, 2018. (ECF No. 10-2 at 2.) It argues that it made numerous efforts to contact Plaintiff with no response and has exhausted all viable options. (ECF No. 10-2 at 2–3.)

More specifically, Plaintiff's counsel attempted to contact Plaintiff on October 18, 2018, using a phone number and email that previously worked to contact Plaintiff. (ECF No. 10-2 at 2.) The phone number was disconnected, and the email went unanswered. (ECF No. 10-2 at 2.) Plaintiff's counsel made two other attempts to contact Plaintiff on January 18, 2019, and January 22, 2019, but the phone number was still disconnected, and Plaintiff did not answer the emails. (ECF No. 10-2 at 2.) Plaintiff's counsel sent another email to Plaintiff on March 18, 2019, and the email was returned as undeliverable. (ECF No. 10-2 at 2.) Plaintiff's counsel made efforts to find another phone number to reach Plaintiff, but the alternative phone number found through an internet search did not belong to Plaintiff. (ECF No. 10-2 at 2.) Plaintiff's counsel sent emails and letters on April 9, 2019, and April 22, 2019, giving Plaintiff notice that it would withdraw as her counsel if she did not respond. (ECF No. 10-2 at 2–3.) Plaintiff did not respond. (ECF No. 10-2 at 2–3.) Accordingly, good cause is shown for Plaintiff's counsel to withdraw.

The Court next must determine whether there is risk of prejudice to Plaintiff if the motion is granted. Plaintiff's counsel provided Plaintiff with notice of its intent to withdraw. (ECF No. 10-2 at 2–3.) Further, Plaintiff's counsel thoroughly documented its attempts to contact Plaintiff. (ECF No. 10-2 at 2–3.) Finally, Plaintiff's counsel has provided complete contact information to Plaintiff and served advance written notice to Plaintiff. (ECF No. 10-3 at 1–2.) Plaintiff has not filed any written objection to this motion. Therefore, the Court finds the risk of prejudice to Plaintiff is minimal.

### IV. CONCLUSION

For the reasons set forth above, the Motion to Withdraw is GRANTED. (ECF No. 10).

Dated: January 15, 2020

Troy L. Nunley
United States District Judge